## Leftwich *et al.,* Appellants, *v.* Coleman.

Where a promissory note, given to secure payment of the purchase money for land, was payable on a fixed day, and the payment was to be made before the deed to the land was to be executed: *Held,* the covenants were mutual and independent, and that an action would lie on the note before conveyance made.

APPEAL from the circuit court of Pontotoc county.

This was an action of *assumpsit* on a promissory note made by the plaintiff in error, on the 25th of March, 1837, and payable to James H. Maury or order, twelve months after date, and endorsed by Maury to the defendant in error.   The defendant below pleaded *non assumpsit.*   There was a verdict for the plaintiff, for the amount of the note and interest.   On the trial, the defendant produced and read to the jury, an agreement in writing, bearing date the 25th day of March, 1837, between Ruffin Coleman and Littlebury Leftwich, in which, after reciting that he was the owner of an undivided moiety of certain parcels of land therein mentioned, the said Coleman agreed to sell to Leftwich, his interest in the lands mentioned in the agreement, and also his entire interest in the town of Cold Water, for the consideration of 5000 dollars.

The agreement contained a further stipulation, that so soon as Leftwich should pay to Coleman a note for 2500 dollars, on that day executed for a part of the purchase money, he would convey the lands aforesaid by warranty deed.   There was a further clause in the agreement, that a conveyance of the lands by deed, should be deemed a sufficient compliance with the obligations of Coleman, to entitle him to the purchase money, although the lands were encumbered with certain trusts, set forth in the covenant. This was the substance of the agreement.

The bill of exceptions states that, after reading this agreement, the counsel for the defendant moved the court to instruct the jury, that the covenants in the agreement were mutual and

[Leftwich *et al.*, Appellants, *v.* Coleman.]

dependent, which the court refused, but instructed them that they were mutual and independent; and the propriety of this instruction was the only question presented for the determination of this court. The note sued on, was the one referred to in the agreement for 2500 dollars, and was made for the payment of one half of the purchase money of the lands sold to the defendant. This note was made payable twelve months after its date.

Thompson and Miller, for the appellants.

The appellants in this case rely on the following points.

1. That the conditions in the articles of agreement, proved in this case, to wit, the payment of the consideration money on the one hand, and the making a warranty deed to the land in the agreement mentioned on the other, were mutual and dependent. *Vide* Agreement, 20 Johns. Rep. 130.

2. The conditions being dependent, the court erred in refusing to instruct the jury that the plaintiff could not recover without averring and proving that he has either made a warranty deed, or offered and shown a readiness to make one, or that he had been discharged therefrom by some act of the other party. Where two acts are to be done at the same time, neither party can maintain an action without showing performance of, or an offer to perform his part. Morton *v.* Lamb, 7 Term Rep. 125; 1 Salk. 112, 171; 1 Saund. Rep. 320; Judson *v.* Wass, 11 Johns. Rep. 525; Per Kent, C. J.; Green *v.* Reynolds, 2 Johns. Rep. 207; Robb *v.* Montgomery, 20 Johns. Rep. 16; Parker *v.* Parmele, 20 Johns. Rep. 130.

3. Under our laws it is incumbent upon the vendor to make and tender a deed to the vendee before he can maintain an action for the purchase money, in cases where the covenants to pay and to convey, are dependent. Gazly *v.* Price, 15 Johns. Rep. 267; 2 Johns. Rep. 207; 17 Johns. Rep. 293.

4. The court erred in instructing the jury, that before the plaintiffs in error, in this case, could set up this agreement in defence of the action of the defendant in error, they were bound to prove " that they had either paid the note sued upon, or shown a readiness to pay the same;" whereas the payment of the note is not a condition precedent to the conveyance; but the condi-

[Leftwich *et al.*, Appellants, *v.* Coleman.]

tions are concurrent. Same authorities as above. From the poverty of our language, we can only express dependent and concurrent conditions by circumlocution, as in the agreement in this case, by the phrase " so soon as he shall pay," &c.

5. The court gave the instruction last mentioned, for the benefit of the defendant in error, without the same having been asked for in writing, by the defendant in error or his counsel; and it does not appear that the parties differed as to the law on this point. Statutes of Mississippi, 1833.

Gholson, for the appellee.

1. The court cannot notice the errors, if any, in the charge of the court below; because it does not appear that there was any evidence upon which the charge of the court would have been predicated; it is not stated that the agreement in writing, set out in the bill of exceptions, was either proved, or admitted, or read in evidence, nor is there any sufficient evidence set out in the bill of exceptions, to show any connection between the note sued on, and the one referred to in the said agreement; all the evidence given in the case, should have been set out in the bill of exceptions, or at least sufficient to show that the charge of the court might have been properly required.

2. Upon a fair construction of the agreement set out in the bill of exceptions, the payment of the note, instead of being a mutual or dependent condition, with the making of the deed, was a condition precedent. Chitty on Bills, 89, note; 2 Barn. & Adol. 155.

3. The agreement and the note must be taken together to ascertain the intention of the parties, as to the time the different acts provided for, were to be done. It is well settled that the intention of the parties gathered from the whole contract between them, determines whether the performance of one act depends upon the performance of another, or is independent. The contract being in relation to land, does not change the rule. Hageman *v.* Sharkey, 1 How. Rep. 277; Gibson *v.* Newman, 1 How. Rep. 341.

4. In this case, one circumstance is conclusive as to the intention of the parties, even if it were otherwise doubtful. The note was made negotiable and payable in bank. If this note had been negotiated by the bank, the non-performance of any pre-

[Leftwich *et al.*, Appellants, *v.* Coleman.]

tended condition precedent, could not possibly have been set up. Our statute, allowing the maker the same discounts, &c. against the endorser, as the payee, does not change the rule. It was so decided by the Supreme Court of the United States, as to the Virginia statute, which is precisely similar to ours.

5. It is contended by the counsel for the appellant, that it should have been averred and proved that a warranty deed had been made or tendered, &c. If it was necessary to prove it, then the necessity for the averment would arise. The utter want of any precedent for such an averment in a declaration on a promissory note, the absurdity into which the position would lead, shows the truth of the ground now taken; that where, in a defence to an action on a promissory note, the non-performance of a condition precedent, is insisted on, it must appear, by evidence offered by the defendant, that such condition has not been performed. If it be merely shown that by a separate and distinct agreement, some act was to be done by the plaintiff before he was entitled to recover the money secured by the note, the presumption will be, that such act had been done, until the contrary appears. In the cases cited by the counsel for the appellant, so far as examined, the acts to be done on either side, were provided for in the same agreement, and the suit was brought on such agreement.

6. The purchase money for the land mentioned in the agreement being payable by instalments, shows that the condition of making a deed, &c., was not a condition precedent. Gibson *v.* Newman, 1 How. Rep. 341.

Mr. Justice Trotter delivered the opinion of the court.

The stipulation in the agreement is, to make a deed for the lands so soon as Leftwich shall pay this note. How then can it be insisted that the plaintiff is not entitled to the money due on this note, until he shall have executed the deed? The contract to pay the 2500 dollars mentioned in this note is entirely independent of the covenant for title, and by the terms of this agreement Leftwich never could demand a performance of the covenant to convey without showing a payment of this note, or an offer to pay it. It is a well settled rule in reference to the question of the dependence or independence of covenants, that where a day is

[Leftwich *et al.,* Appellants, *v.* Coleman.]

appointed for payment by the defendant, and such day is to happen before the thing, which was the consideration of the defendant's contract, was to be performed, an action may be brought for the money; for it appears that the defendant relied on this remedy. 1 Chit. Plead. 281. This principle fully embraces this case. The note was payable on a fixed day, and the payment of the money was to be made before the deed for the land was to be executed. The nature of the covenant here referred to, is not altered or affected by the subsequent stipulation that Coleman's right to the payment of this note is not to be affected by the liens on the land which then existed, and which are referred to in the agreement. The effect of this covenant is not to change the conditions on which the conveyance was to be made of the lands, but simply to guard against the effect of the outstanding incumbrances upon the covenants of warranty in the deed to be made.

Let the judgment be affirmed, with costs and damages.